IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                                                                               No. CR 09-2968 RB
                                                                                                                                                                             No. CV 13-0052 RB/RHS

DANIEL RAMON MUÑOZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Mr. Muñoz's Motion for Consideration for Reduction of Sentence pursuant to the First Step Act of 2018, filed on November 1, 2019. (Doc. 596.) Having reviewed the Motion, the record, and the applicable law, the Court finds the motion is not well-taken and should be **denied**.

**I.    Background**

On August 30, 2010, Mr. Muñoz pled guilty to Counts 1 and 8 of the Third Superseding Indictment charging (1) that he conspired to possess with the intent to distribute 50 grams and more of methamphetamine under 21 U.S.C. §§ 841(a)(1), (b)(1)(A); and (2) that he knowingly attempted to escape from custody in violation of 18 U.S.C. § 751(a). (*See* Docs. 233 at 2, 4–5; 301.) The Court sentenced Mr. Muñoz to 480 months imprisonment. (Doc. 400.)

Mr. Muñoz did not appeal his sentence. He has, however, filed a motion to vacate the sentence pursuant to 28 U.S.C. § 2255, which the Court denied. (*See* Docs. 439; 488.) On December 21, 2015, he moved to amend his sentence pursuant to Amendment 782 to the United States Sentencing Guidelines. (Doc. 519.) The Court appointed counsel (*see* Docs. 520, 530) and granted the motion, reducing Mr. Muñoz's sentence to 360 months. (Doc. 561.) Mr. Muñoz,

through counsel, also filed a second motion to vacate under § 2255 pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), which the Court dismissed. (Docs. 531; 585.)

Mr. Muñoz now files a second motion to reduce his sentence under the First Step Act of 2018. (Doc. 596.) The United States opposes the motion. (Doc. 601.)

**II.     Mr. Muñoz is not eligible for a sentence reduction under the First Step Act.**

At issue before the Court is whether Mr. Muñoz is eligible for a sentence reduction under Section 404 of the First Step Act. Section 404 makes Sections 2 and 3 of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, retroactive. *See United States v. Lewis*, No. CR 08-0057 JB, 2019 WL 2192508, at *18, 398 F. Supp. 3d 945, 971 (D.N.M. May 21, 2019). The relevant sections of the Fair Sentencing Act increased the amount of crack cocaine required to trigger mandatory minimum penalties as set out in 21 U.S.C. §§ 841(b)(1)(A) and (B). The Fair Sentencing Act did not apply retroactively. *See id.* Section 404 of the First Step Act "makes the Fair Sentencing Act's sections 2 and 3 retroactive." *See id.* (citing First Step Act § 404).

Because Mr. Muñoz was not convicted of a crack cocaine offense, the First Step Act is inapplicable to his sentence. Consequently, he is not eligible for relief under the First Step Act. *See United States v. Contreras*, 332 F.R.D. 712, 713 (D.N.M. 2019).

**THEREFORE,**

**IT IS ORDERED** that Motion for Consideration for Reduction of Sentence pursuant to the First Step Act of 2018 (Doc. 596) is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE